J-S24009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHME PERKINS | |
| Appellant | No. 1038 MDA 2015 |

Appeal from the PCRA Order May 6, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001266-2008
CP-22-CR-0001394-2008

BEFORE:  GANTMAN, P.J., BOWES AND MUSMANNO, JJ

DISSENTING MEMORANDUM BY BOWES, J.:     **FILED OCTOBER 18, 2016**

My learned colleagues hold that Lahme Perkins, who was denied PCRA relief after a full evidentiary hearing, is now entitled to the appointment of counsel to raise claims of collateral counsel's effectiveness.  The majority justifies this result on the fact that Appellant experienced difficulties procuring service of a notice of intent to dismiss issued after the hearing, to which Appellant attempted to respond.  However, since Appellant was represented by counsel, he was not entitled to hybrid representation and the judge was not required to act on any *pro se* responses to the unrequired notice.  I therefore dissent.

This case presents a variation of the often-vexing problem of how a litigant can secure appellate review of the rule-based right to effective assistance of collateral counsel.  In ***Commonwealth v. Henkel***, 90 A.3d 16

(Pa.Super. 2014) (*en banc*), following clear Supreme Court precedent on this question, we noted that claims of PCRA counsel's ineffective assistance could not be raised for the first time on appeal. Therein, collateral counsel filed a petition containing eleven claims. The trial judge initially issued a Pa.R.Crim.P. 907 notice of intent to dismiss nine of the claims, and held a hearing on the remaining two claims. The PCRA court then denied the petition. The petitioner retained new counsel, who filed a notice of appeal, raising claims of PCRA counsel ineffectiveness. We held those claims could not be raised for the first time on appeal.

The only distinction between the litigant in **Henkel** and Appellant herein is that the trial court issued an unnecessary notice of intent to dismiss, which was not received by Appellant. The rule governing notices of intent to dismiss is titled "Disposition **Without** Hearing" (emphasis added). Since the trial judge held a hearing on the PCRA claims, this notice was not required. All the judge was required to do was "issue an order denying relief . . . as provided in Rule 114." Pa.R.Crim.P. 908(D)(1). The May 6, 2015 order satisfied that obligation. The question presented in this appeal is what effect, if any, the unnecessary notice and Appellant's attempts to respond have on whether claims of PCRA counsel ineffectiveness have been preserved.

As the post-hearing notice is significant to my analysis, I begin by setting forth its history. Appellant filed a *pro se* PCRA petition and was

- 2 -

appointed counsel who, on July 17, 2014, filed an amended petition requesting an evidentiary hearing. On February 18, 2015, the evidentiary hearing was held. The docket reflects that on March 23, 2015, a notice of intent to dismiss was issued.[1] On April 23, 2015, Appellant filed a motion seeking service of that notice. The motion reads in pertinent part:

> 3. To date, [Appellant] has not been served with a copy of this [c]ourt's March 23, 2015 Rule 907 Notice, and for this reason, has and continues to be prevented from ascertaining the basis of this [c]ourt's contemplated dismissal.
>
> 4. Furthermore, while it is true that [Appellant] is currently represented by counsel, because [Appellant] believes that present counsel has and continues to render deficient performance in the development, presentation and litigation of his claims for PCRA relief, it is imperative – at least as a matter of record preservation for any potential appeal – that [Appellant] raise any claims of PCRA counsel's ineffectiveness in response to this Court's Rule 907 Notice.

Motion, 4/23/15, at 2 (citing **Commonwealth v. Pitts**, 961 A.2d 875, 879, n.3 (Pa. 2010)). Notably, Appellant did not seek to represent himself or seek leave to amend his petition.

On May 6, 2015, the PCRA court dismissed the petition. The judge addressed the motion to compel service by separate order, which reads:

> AND NOW, this 6th day of May, 2015, upon consideration of Petitioner Lahme Perkins' Motion to Compel Service of March 23, 2015 Notice of Intent to Dismiss PCRA and Petitioner's Motion for Extension of Time to Respond to March 23, 2015 Notice of Intent to Dismiss PCRA, IT IS HEREBY ORDERED that Petitioner's

_____

[1] This document does not appear in the certified record.

- 3 -

> Motion is DENIED. This Court notes that Petitioner is currently represented by Jennifer Tobias, Esquire.
>
> Petitioners filing for relief under the PCRA are not entitled to hybrid representation and trial courts are not required to consider *pro se* filings from petitioners that are represented by counsel. *See Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011); *Commonwealth v. Ligons*, 971 A.2d 1125 (Pa. 2009); *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993).

Order, 5/6/15. On May 14, 2015, Attorney Tobias filed a petition to withdraw, citing correspondence from petitioner and his desire to file ineffectiveness claims against her. Petition to withdraw, 5/14/15, at 3. The trial court granted this request on June 4, 2015, and, on June 15, 2015, ordered Appellant to file a concise statement. Appellant complied and is therefore representing himself *pro se* in these matters. The majority holds that Appellant preserved claims of PCRA counsel ineffectiveness through his responses to the notice of intent to dismiss. I disagree, since Appellant was still represented by counsel, did not seek to represent himself, and appointed counsel did not indicate that she wished to withdraw.

The majority does not analyze the refusal to entertain the *pro se* motions filed before entry of the order denying relief. I believe the trial judge correctly denied the motion, and, as a result, Appellant's claims have not been preserved. A review of *Jette*, *supra*, demonstrates that Appellant did not preserve for appeal any claim of PCRA counsel ineffectiveness. In *Jette*, appointed collateral counsel filed an amended petition, which was dismissed following an evidentiary hearing. Counsel then filed an appeal and

a brief addressing one issue. Jette then submitted his own *pro se* brief raising additional issues. This Court forwarded the *pro se* brief to counsel and requested a response pursuant to a procedure we outlined in **Commonwealth v. Battle**, 879 A.2d 266 (Pa.Super. 2005). **Battle** required appointed counsel to review the *pro se* filings; if the brief alleged ineffectiveness of appellate counsel the attorney was required to petition for remand and discuss the merits of any *pro se* ineffectiveness claims. We then determined, on the basis of counsel's analysis, whether remand was warranted. **Jette**, **supra** at 1036, n.5 (describing **Battle**). Jette's appellate counsel complied, and prepared a motion to remand for the appointment of new counsel. We ultimately found that Jette was entitled to new counsel and remanded for that purpose. **Id**. at 1036.

The Commonwealth appealed. Our Supreme Court reversed and abrogated **Battle,** stating that the procedure "as applied to address *pro se* claims of appellate counsel's ineffectiveness, while that counsel is still representing the appellant, is in contravention of this Court's long-standing policy that precludes hybrid representation." **Id**.

In my view, **Jette** controls the outcome. This case poses a clear hybrid representation problem, regardless of whether Appellant is seeking to either add a supplemental claim to the PCRA petition (*i.e.*, a claim for PCRA relief not based on PCRA counsel's ineffectiveness) or present an entirely new claim predicated on PCRA counsel's alleged ineffectiveness. In either

situation, requiring the trial court to accept the *pro se* filings effectively gives Appellant a veto power over the contents of the PCRA petition and a new chance to represent himself. Appellant's counsel attempted to secure PCRA relief, and if Appellant was dissatisfied with her efforts he could have sought to represent himself or retain new counsel. Absent such a request, the trial court could not act on any *pro se* documents.

My colleagues do not discuss **Jette**. Instead, the majority determines that "Perkins reserved his claim of PCRA counsel's ineffectiveness by raising them in his *pro se* response to the PCRA court's Notice of intent to dismiss." Majority opinion at 3 (citing **Pitts**, **supra**, at 880, n.4). The majority has therefore attached dispositive significance to the *pro se* response, and, concomitantly, this represents a finding that the trial court committed legal error in refusing to act on the response.

Thus, this case can be reduced to a question of whether **Pitts** **requires** a trial court to accept hybrid filings when those filings challenge PCRA counsel's effectiveness. I do not think that **Pitts** dictates that result. **Pitts** concerns the preservation of claims when appointed counsel files a **Turner/Finley**[2] no-merit letter. In **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), we analyzed **Pitts** in deciding whether the appellant therein properly preserved claims of ineffective assistance of PCRA counsel

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

who had filed a **Turner/Finley** no-merit letter. **Id**. at 1186. We determined that a response to the notice of intent to dismiss did not constitute a second or subsequent petition, as any *pro se* response is more properly viewed as an objection to the proposed withdrawal.

Obviously, there is a significant distinction between cases where appointed counsel seeks to withdraw under **Turner/Finley** and cases where appointed counsel litigates some set of claims. In the former situation, counsel is representing that there exists no meritorious issue at all, and the no-merit letter represents a clear break in the attorney-client relationship. As we stated in **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012):

> When counsel files a **Turner/Finley** no-merit letter and counsel has not yet been permitted to withdraw, the rule against hybrid representation is inapplicable, as the petitioner can file a *pro se* response. Ordinarily, as occurred in **Pitts**, attorneys are permitted to withdraw by the final order dismissing the petition, not when the notice of intent to dismiss is filed. Hence, at the time the petitioner responds, he would ostensibly be represented by counsel.

**Id**. at 1198, n.4. However, in the latter situation, counsel has exercised professional judgment in choosing which claims to present and how to present them. We observed in **Rykard** that the purpose of a Rule 907 notice is

> to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, **see Commonwealth v. Williams**, 566 Pa. 553, 782 A.2d 517, 526 (2001), **the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims**. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error,

permitting the court to "discern the potential for amendment." *Id.* at 527. The response is not itself a petition and the law still requires leave of court to submit an amended petition. *See* Pa.R.Crim.P. 905(A).

***Rykard***, ***supra*** at 1189 (emphasis added). Since Attorney Tobias did not seek to withdraw and the PCRA court proceeded to merits review, ***Jette***, not ***Pitts***, applies.

Thus, the majority's result not only sweeps aside the Supreme Court's hybrid representation principles, it also revives ***Battle***, albeit restricting its application to the PCRA court level. If that is not the case, how did the PCRA court err in refusing to act on the *pro se* motion?[3] From the majority's perspective, the court was not only obligated to permit hybrid representation, it was further required to do precisely what ***Jette*** disapproved: act as a referee in a dispute between the *pro se* litigant and PCRA counsel. I read ***Jette*** to establish a categorical bar on judicial interference between appointed counsel and the petitioners they represent. Whether that interference occurs at the appellate level, as in ***Jette***, or at the PCRA court level, as is the case herein, is irrelevant. Absent Petitioner seeking to represent himself, the PCRA court could not remove Attorney Tobias. "[T]his case amply reveals the tension the procedure interposes between client and counsel and the inappropriate role the appellate court

---

[3] The majority does not elaborate on what the PCRA court should have done in response to Appellant's *pro se* filings.

then plays in refereeing the court-created 'battle.'" ***Jette***, ***supra*** at 1040. The problems inherent in the ***Battle*** procedure are not ameliorated by substituting our courts of common pleas for this Court in the role of referee. Nothing prevented Petitioner from seeking to represent himself before the unnecessary Rule 907 notice was issued. Tellingly, it was only upon learning that the court intended to dismiss the petition after an evidentiary hearing that Petitioner asserted PCRA counsel's ineffectiveness.

To that end, I believe the majority's ruling creates even more confusion by vacating the order denying relief. Appellant will be, in effect, filing his first PCRA petition.[4] However, the **entire** point of the majority's disposition is to permit Appellant to raise claims of collateral counsel ineffectiveness. Yet, raising such a claim will be a procedural impossibility given that there is no longer an order denying relief. Any claim of PCRA counsel ineffectiveness must be raised as a layered claim challenging collateral counsel's representation.[5]

_____

[4] Clearly, the forthcoming petition cannot be deemed a second or subsequent petition: If so, the petition would be time-barred. Thus, Appellant is entitled to counsel. Pa.R.Crim.P. 904(C).

[5] The impossibility of raising a layered ineffectiveness claim is demonstrated by the fact that there is no decision on the merits of the claims collateral counsel litigated. How can Appellant possibly satisfy the prejudice prong? Had we granted relief on the merits of the claims presented at the hearing, PCRA counsel would clearly be effective. Thus, the majority has attached a presumption of ineffectiveness to Attorney Tobias's representation, based on nothing more than the fact the PCRA court denied relief.

*(Footnote Continued Next Page)*

I recognize the visceral appeal in permitting Appellant to raise these claims, since he attempted to respond to the unnecessary notice of intent to dismiss. This action, on its surface, complies with what our precedents have said. *See Henkel*, *supra* at 25-26 ("In two separate footnotes, the *Pitts* majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal."). Since we have established that a challenge to PCRA counsel ineffectiveness cannot be raised on appeal, Petitioner's filing would appear to be the only realistic avenue to raise such claims.

However, we cannot ignore our Supreme Court's disapproval of hybrid representation. Nor can we ignore the reality that the trial court could have simply dismissed the petition, and, had that occurred, Appellant would be barred from raising these claims pursuant to *Henkel*. Thus, the procedural quirk of the unnecessary notice has given this litigant an extra round of collateral attack.

Additionally, I briefly note that in *Henkel*, *supra*, we stated that a post-hearing notice of intent to dismiss, as occurred herein, is a **possible**

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

Justice Baer, who filed a dissenting opinion in *Pitts*, opined that requiring PCRA petitioners to raise ineffectiveness claims in response to a notice of intent to dismiss is unworkable for precisely this reason. Accordingly, Justice Baer would hold that the PCRA appeal stage is the "first and only viable opportunity" to challenge collateral counsel's representation. *Pitts*, *supra* at 887 (Baer, J., dissenting).

means to enable appellate review of collateral counsel ineffectiveness claims:

> Possible non-legislative solutions to alleviate the problem could include requiring a notice of intent to dismiss in all first-time petition cases, even after an evidentiary hearing, or replacement of the notice of dismissal requirement with a post-PCRA motion practice. In this latter respect, the Supreme Court procedural rules committee could consider requiring PCRA judges to give reasons for dismissal when issuing a final order in all first-time petition cases and provide a window to present PCRA counsel ineffectiveness claims. Similar to a post-sentencing motion following a revocation proceeding, the post-PCRA motion would not have to toll the period for filing an appeal. However, it would provide petitioners an opportunity to request leave to file an amended petition alleging PCRA counsel ineffectiveness claims or otherwise raise the issue. **Of course, hybrid representation concerns might have to be set aside in cases where counsel is not attempting to withdraw**. This Court, of course, is without authority to promulgate procedural rules.

*Henkel*, *supra* at 29, n. 4 (emphasis added). Whatever the appeal of that approach, our Supreme Court alone has the authority to create an exception to *Jette*. Additionally, this case demonstrates that any amendment of our rules as contemplated by *Henkel* should take into account that a post-hearing notice of intent to dismiss, if accompanied by an explanation of reasons for dismissal, is effectively giving litigants an advisory opinion. Appellant's motion seeking service of the notice explicitly stated that he was prevented "from ascertaining the basis of this [c]ourt's contemplated dismissal." Motion, 4/23/15, at 2. The majority characterizes this response as alleging ineffective assistance of PCRA counsel. Yet it is difficult to read Appellant's motion as anything other than an attempt to tailor an

- 11 -

ineffectiveness claim in light of the PCRA court's opinions on why relief was denied, *i.e.*, PCRA counsel was ineffective for failing to win. The right to effective assistance of collateral counsel, whatever its contours, cannot possibly go so far.

I agree, however, that the trial court improperly permitted Attorney Tobias to withdraw. Appellant was entitled to counsel for purposes of PCRA appeal and he should have been given the option of representing himself on appeal—limited to the issues presented at the evidentiary hearing and ruled upon by the trial court—or to continue with Attorney Tobias (or private counsel of his choice).[6] I would therefore remand for a ***Grazier***[7] hearing.

---

[6] Attorney Tobias sought to withdraw based on the fact that Appellant wished to raise her ineffectiveness. I would leave it to the trial court to determine whether there is an irreconcilable conflict. If so, the trial judge could appoint new counsel.

[7] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 12 -